UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHAWN BELL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | C.A. No. 16-11669-ADB |
| | * | |
| BON SECOURS HOSPITAL, | * | |
| | * | |
| Defendant. | * | |
| | * | |

ORDER OF TRANSFER

BURROUGHS, D.J.

Plaintiff Shawn Bell, appearing *pro se*, has filed a lawsuit in this District against Bon Secours Hospital in Baltimore, Maryland. The complaint [ECF No. 1] consists of a single sentence: "The hospital sent the plaintiff to Jessup, MD Women Prison per CCDC guard Vivano without going to court." Compl. In the civil cover sheet [ECF No. 1-1], Bell represents that she is a citizen of Massachusetts and the defendant is a citizen of another state. The plaintiff also filed a motion for leave to proceed *in forma pauperis* [ECF No. 2]. For the following reasons, the Court orders that this action be transferred to the United States District Court for the District of Maryland.

Under 28 U.S.C. § 1391(b), a civil action may be brought in

 (1) a judicial district in which any defendant resides, if all defendants are
residents of the State in which the district is located; (2) a judicial district in
which a substantial part of the events or omissions giving rise to the claim
occurred, or a substantial part of property that is the subject of the action is
situated; or (3) if there is no district in which an action may otherwise be brought
as provided in this section, any judicial district in which any defendant is subject
to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Bell asserts claims arising from events and proceedings that occurred in Maryland.  Because the defendant does not reside in this District and Shawn does not allege that a substantial part of the events or omissions giving rise to her claims arose in this District, venue is not proper in this Court under 28 U.S.C. § 1391(b).  *See, e.g., Aname v. Florida*, 169 Fed. Appx. 524, 528 (10th Cir. 2006) (upholding dismissal of lawsuit for improper venue; plaintiff had brought suit in the District of New Mexico against the State of Florida and others for civil rights violations stemming from his arrest, conviction and incarceration in Florida).  The plaintiff's claims arose in Maryland, which is located in the District of Maryland.  *See* 28 U.S.C. § 100.  Accordingly, venue lies in the District of Maryland, *see* 28 U.S.C. § 1391(b).

Pursuant to 28 U.S.C. § 1406(a), the Court orders that this action be transferred to the United States District Court for the District of Maryland.  Whether Bell should be permitted to proceed further without prepayment of fees and whether a summons should issue are determinations to be made by the transferee court.  This order closes this case.

    IT IS SO ORDERED.

                                                 /s/ Allison D. Burroughs
DATE:  8/25/2016                       UNITED STATES DISTRICT JUDGE